IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| TERRY ROBINSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CV 111-026 |
| | ) (Formerly CR 108-021) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, an inmate confined to federal custody at the Federal Correction Institution in Marianna, Florida, has filed with this Court a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. The matter is now before the Court for an initial review of Petitioner's motion as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that the § 2255 motion be **DISMISSED** and that this civil action be **CLOSED**.

I.  **BACKGROUND**

Pursuant to a guilty plea, Petitioner was convicted of failure to register as a sex offender, in violation of 18 U.S.C. § 2250(a), and a judgment of conviction was entered on January 16, 2009. United States v. Robinson, CR 108-021, doc. no. 54 (S.D. Ga. Jan. 16, 2009). The Honorable J. Randal Hall, United States District Judge, sentenced Petitioner to

27 months of imprisonment followed by three years of supervised release. Id. Petitioner filed no direct appeal nor made any other attempt to challenge his conviction and sentence until he submitted the instant motion, which was executed and delivered to prison officials on February 17, 2011, and was filed by the Clerk of Court on February 23, 2011.[1] (Doc. no. 1, p. 5.)

Petitioner enumerates two grounds for relief in his § 2255 motion. In Ground One, he asserts that his federal conviction is improper under the double jeopardy doctrine because, following his federal conviction, he was convicted for the same offense in state court on May 21, 2009. (Id. at 3.) In Ground Two, Petitioner argues that his sentence should be modified to account for the term of imprisonment he served on his state conviction prior to being transferred back into federal custody to serve the remainder of his federal sentence.[2] (Id.)

## II. DISCUSSION

28 U.S.C. § 2255, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides a one-year statute of limitations for § 2255 motions.

---

[1] Under Houston v. Lack, 487 U.S. 266, 276 (1988), Petitioner's motion is deemed filed on the date of delivery to prison officials for mailing. See also Adams v. United States, 173 F.3d 1339, 1341 (11th Cir. 1999) (*per curiam*) (§ 2255 motion deemed filed on date the petitioner "signed, executed, and delivered his petition to prison authorities for mailing").

[2] Ground Two of the instant petition appears to be a challenge to the execution of Petitioner's sentence. However, 28 U.S.C. § 2241 is the proper vehicle to challenge the execution of a sentence, whereas § 2255 is the proper vehicle to challenge the validity of the sentence itself. Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1352 (11th Cir. 2008). Unlike § 2255 motions, petitions for habeas corpus relief under § 2241 must be brought in the federal district court for the district in which the inmate is incarcerated. 42 U.S.C. § 2241(d); Fernandez v. United States, 941 F.2d 1488, 1495 (11th Cir. 1991). Accordingly, to the extent that Ground Two challenges the execution, rather than the validity, of Petitioner's sentence, this Court does not have jurisdiction over that claim because Petitioner is incarcerated in Florida. See id.

2

According to the AEDPA, the statute of limitations period shall run from the latest of four possible dates:

1. the date on which the judgment of conviction becomes final;

2. the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3. the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4. the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). As no direct appeal was filed in Petitioner's criminal case, his conviction and sentence became final on or about January 26, 2009, ten days after judgment was entered. See Fed. R. App. P. 4(b)(1).[3] Assuming Petitioner's AEDPA clock began running on this date, the instant motion, filed more than two years later, is untimely.

Of course, Petitioner may argue that he should be afforded a later start date because his claims relate to a state court judgment that was rendered on May 21, 2009.[4] However, this argument cannot save Petitioner's § 2255 motion because, even assuming that the AEDPA

---

[3]Pursuant to an amendment that went into effect on December 1, 2009, the time limit for filing an appeal was extended from 10 to 14 days following the date judgment was entered. See Fed. R. App. P. 4, Notes of Advisory Committee on 2009 Amendments. At the time of Petitioner's conviction, however, the time limit was 10 days, making that the operative rule with respect to determining the timeliness of the instant motion. The four-day extension of the time limit enacted by the 2009 amendment does not make any difference in this case.

[4]Petitioner gives no indication that he appealed his state court conviction or sentence. Moreover, Petitioner states that he has already served the sentence on his state conviction. (Doc. no. 1, p. 3.)

3

statute of limitations began to run in May of 2009, the instant motion was still filed roughly nine months too late.

Additionally, the Court notes that the Eleventh Circuit has held that the statute of limitations in § 2255 may be subject to equitable tolling. Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003), *aff'd,* 125 S. Ct. 1571 (U.S. 2005). Equitable tolling can be applied to prevent the application of the AEDPA's statutory deadline, if a petitioner can "show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 336 (2007) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Nevertheless, equitable tolling is typically applied sparingly, Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000), and is available "only in truly extraordinary circumstances." Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003). The petitioner bears the burden of proving his entitlement to equitable tolling, Jones v. United States, 304 F.3d 1035, 1040 (11th Cir. 2002), and will not prevail based upon a showing of either extraordinary circumstances or diligence alone; the petitioner must establish both. Arthur v. Allen, 452 F.3d 1234, 1252 (11th Cir. 2006) (citing Pace, 544 U.S. at 418-19).

Here, Petitioner does not make any argument for equitable tolling, and no basis for such tolling is apparent upon an examination of the petition or the record. Accordingly, the Court concludes that there is no basis for equitably tolling the AEDPA's one-year statute of limitations.

Finally, the Court notes that consideration of an otherwise untimely petition for federal habeas relief may be appropriate upon a showing that a "fundamental miscarriage of justice"

4

has occurred, whereby "a constitutional violation has resulted in the conviction of someone who is actually innocent." Murray v. Carrier, 477 U.S. 478, 495-96 (1985); see also Wyzykowski v. Dep't of Corr., 226 F.3d 1213, 1218-19 (11th Cir. 2000). The actual innocence exception "is exceedingly narrow in scope," and a petitioner seeking to invoke it must "show that it is more likely than not that no reasonable juror would have convicted him." Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001) (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)). "In addition, 'to be credible, a claim of actual innocence must be based on reliable evidence not presented at trial.'" Id. (quoting Calderon v. Thompson, 523 U.S. 538, 559 (1998)).

Here, Petitioner has not presented any new evidence to suggest that he did not commit the offenses with which he was charged such that no reasonable juror would have convicted him. Therefore, the actual innocence exception does not save the instant petition from being time-barred under the AEDPA.

In sum, Petitioner has offered no reason to suggest that the AEDPA statute of limitations began to run at any point within the one-year period preceding the filing of his § 2255 motion. Moreover, Petitioner has not satisfied the requirements for equitable tolling, and he has not presented any arguments sufficient to support a claim of actual innocence. Accordingly, the instant motion is time-barred under the AEDPA's one-year statute of limitations.

### III. CONCLUSION

Based on an initial review of the petition as required by Rule 4 of the Rules Governing Section 2255 Proceedings, the Court **FINDS** that Petitioner's motion is time-barred by the

applicable one-year statute of limitations. Accordingly, the Court **REPORTS** and **RECOMMENDS** that the § 2255 motion be **DISMISSED** and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 25th day of March, 2011, at Augusta, Georgia.

                                                      W. LEON BARFIELD
                                                     UNITED STATES MAGISTRATE JUDGE