FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2011 JUL 13 PM 3: 14
CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| TERRY ROBINSON, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | CV 111-098 (Formerly CR 108-021) |
| UNITED STATES OF AMERICA, | ) ) | |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, an inmate confined to federal custody at the Federal Correction Institution in Marianna, Florida, has filed with this Court a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence.[1] The matter is now before the Court for an initial review of Petitioner's motion as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that the § 2255 motion be **DISMISSED** and that this civil action be **CLOSED**.

### I. BACKGROUND

Pursuant to a guilty plea, Petitioner was convicted of failure to register as a sex offender, in violation of 18 U.S.C. § 2250(a), and a judgment of conviction was entered on January 16, 2009. United States v. Robinson, CR 108-021, doc. no. 54 (S.D. Ga. Jan. 16,

---

[1] Petitioner originally filed this action in the Northern District of Florida, where he is incarcerated. The case was transferred to this Court because Petitioner was convicted in the Southern District of Georgia. (See doc. nos. 4, 5.)

2009). The Honorable J. Randal Hall, United States District Judge, sentenced Petitioner to 27 months of imprisonment followed by three years of supervised release. Id. Petitioner did not file a direct appeal.

On February 23, 2011, Petitioner filed his first § 2255 motion in this Court. See Robinson v. United States, CV 111-026, doc. no. 1 (S.D. Ga. Feb. 23, 2011) (hereinafter "CV 111-026). The motion in CV 111-026, which raised the same claims asserted in the instant § 2255 motion, was dismissed as untimely in an Order issued by Judge Hall that adopted a recommendation from this Court. See id., doc. nos. 2, 4.

Approximately one month later, Petitioner filed the instant § 2255 in the Northern District of Florida, enumerating three grounds for relief. In Ground One, Petitioner argues that his sentence should be modified to account for the term of imprisonment he served on his state conviction prior to being transferred back into federal custody to serve the remainder of his federal sentence.[2] (Id. at 5.) In Grounds Two and Three, he asserts that his federal conviction is improper under the double jeopardy doctrine because, following his federal conviction, he was convicted for the same offense in state court on May 21, 2009. (Id. at 6.)

---

[2]As explained by the Court in its ruling on Plaintiff's previous § 2255 motion, Ground One appears to be a challenge to the execution of Petitioner's sentence. However, 28 U.S.C. § 2241 is the proper vehicle to challenge the execution of a sentence, whereas § 2255 is the proper vehicle to challenge the validity of the sentence itself. Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1352 (11th Cir. 2008). Unlike § 2255 motions, petitions for habeas corpus relief under § 2241 must be brought in the federal district court for the district in which the inmate is incarcerated. 42 U.S.C. § 2241(d); Fernandez v. United States, 941 F.2d 1488, 1495 (11th Cir. 1991). Accordingly, to the extent that Ground Two challenges the execution, rather than the validity, of Petitioner's sentence, this Court does not have jurisdiction over that claim because Petitioner is incarcerated in Florida. See id. Notably, Petitioner has raised the same claim in a § 2241 petition currently pending in the Northern District of Florida. (See doc. no. 1, p. 3; see also Robinson v. Augustine, CV 511-99, doc. no. 1, pp. 4-5 (N.D. Fla. Apr. 4, 2011).)

2

## II. DISCUSSION

Petitioner's claims are barred from review in this § 2255 proceeding by virtue of the successive motion restrictions enacted by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214, and now contained in 28 U.S.C. §§ 2255 and 2244(b). Section 2255 provides in relevant part:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. Section 2244, in turn, provides that prior to filing a successive petition in the District Court, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). In sum, "[f]ederal prisoners seeking to file a second or successive motion to vacate, set aside, or correct a sentence must move the court of appeals for an order authorizing the district court to consider the second or successive motion." In re Joshua, 224 F.3d 1281, 1281 (11th Cir. 2000) (*per curiam*) (citing 28 U.S.C. §§ 2255 & 2244(b)(3)).

Here, Petitioner has previously filed a § 2255 motion that was dismissed as untimely, which is considered an adjudication on the merits for the purposes of determining whether an application for habeas corpus relief is second or successive. Villanueva v. United States, 346 F.3d 55, 61 (2d Cir. 2003) ("[A] habeas or § 2255 petition that is properly dismissed as time-barred under AEDPA constitutes an adjudication on the merits for successive purposes.");

3

United States v. Raines, Case No. 1:04-cr-28, 2011 U.S. Dist. LEXIS 47224, at *2 (N.D. Fla. Feb. 18, 2011) (same). In his current § 2255 motion, he does not state that he has either sought or been granted permission to file a successive § 2255 motion in this Court; absent authorization from the Eleventh Circuit, this Court lacks the jurisdiction to consider the issues raised in Petitioner's motion. See Hill v. Hopper, 112 F.3d 1088, 1089 (11th Cir. 1997) (*per curiam*) (determining that "the district court lacked jurisdiction to consider Appellant Hill's request for relief because Hill had not applied to this Court for permission to file a second habeas petition"); see also In re Dean, 341 F.3d 1247, 1248-49 (11th Cir. 2003) (*per curiam*) (denying permission to file successive § 2255 motion alleging sentencing error based on successful challenge to state convictions that were used to calculate federal sentence). Accordingly, Petitioner's current § 2255 motion should be dismissed.[3]

## III. CONCLUSION

Based on an initial review of the instant § 2255 motion, as required by Rule 4 of the Rules Governing § 2255 Cases, the Court finds the motion to be successive. The Court therefore **REPORTS** and **RECOMMENDS** that the motion be **DISMISSED** and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this ___ day of July, 2011, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[3]Notably, even if the instant § 2255 motion were not barred as an improper second application for federal habeas relief, it would be untimely for the reasons set forth in the Court's Report and Recommendation finding his nearly identical previous § 2255 motion to be untimely. See CV 111-026, doc. no. 2.