IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| TERRY ROBINSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 111-168 |
| | ) | (Formerly CR 108-021) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

---

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

---

Petitioner, an inmate confined to federal custody at the Federal Correction Institution in Marianna, Florida, has filed with this Court a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. The matter is now before the Court for an initial review of Petitioner's motion as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that the § 2255 motion be **DISMISSED** and that this civil action be **CLOSED**.

**I.  BACKGROUND**

In 2008, Petitioner pled guilty to one count of failure to register as a sex offender, in violation of 18 U.S.C. § 2250(a), and a judgment of conviction was entered on January 16, 2009. United States v. Robinson, CR 108-021, doc. no. 54 (S.D. Ga. Jan. 16, 2009). The Honorable J. Randal Hall, United States District Judge, sentenced Petitioner to 27 months of imprisonment followed by three years of supervised release. Id. Petitioner did not file a

direct appeal.

On February 23, 2011, Petitioner filed his first § 2255 motion in this Court. See Robinson v. United States, CV 111-026, doc. no. 1 (S.D. Ga. Feb. 23, 2011) (hereinafter "CV 111-026"). The motion in CV 111-026, which raised claims similar to those asserted in the instant § 2255 motion, was dismissed as untimely in an Order issued by Judge Hall that adopted a recommendation from this Court. See id., doc. nos. 2, 4.

Approximately one month later, Petitioner filed another § 2255 motion raising the same claims as his initial § 2255 motion. See Robinson v. United States, CV 111-098, doc. no. 1 (S.D. Ga. May 9, 2011). Judge Hall dismissed that motion as successive, again pursuant to a recommendation by this Court. See id., doc. nos. 9, 11.

Petitioner has now filed a third § 2255 motion in which he enumerates five grounds for relief. In Ground One, he asserts that his federal conviction is improper under the double jeopardy doctrine, and in Ground Two he asserts that his trial counsel provided ineffective assistance for failing to raise the double jeopardy issue. (Doc. no. 1, pp. 4-5.) In Grounds Three and Five, he argues that his sentence should be modified to account for a term of imprisonment he served on a separate state conviction relating to conduct at issue in CR 108-021.[1] (Id. at 7, 14.) In Ground Four, he asserts, without explanation, that his due process

---

[1]As explained by the Court in its rulings on Petitioner's previous § 2255 motions, Grounds Three and Five appear to challenge the execution of Petitioner's sentence. However, 28 U.S.C. § 2241 is the proper vehicle to challenge the execution of a sentence, whereas § 2255 is the proper vehicle to challenge the validity of the sentence itself. Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1352 (11th Cir. 2008). Unlike § 2255 motions, petitions for habeas corpus relief under § 2241 must be brought in the federal district court for the district in which the inmate is incarcerated. 42 U.S.C. § 2241(d); Fernandez v. United States, 941 F.2d 1488, 1495 (11th Cir. 1991). Accordingly, to the extent that Ground Two challenges the execution, rather than the validity, of Petitioner's

2

rights have been violated. (Id. at 8-9.)

## II. DISCUSSION

As was the case with his second § 2255 motion, Petitioner's claims are barred from review in this § 2255 proceeding by virtue of the successive motion restrictions enacted by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214, and now contained in 28 U.S.C. §§ 2255 and 2244(b). Section 2255 provides in relevant part:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. Section 2244, in turn, provides that prior to filing a successive petition in the District Court, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). In sum, "[f]ederal prisoners seeking to file a second or successive motion to vacate, set aside, or correct a sentence must move the court of appeals for an order authorizing the district court to consider the second or successive motion." In re Joshua, 224 F.3d 1281, 1281 (11th

---

sentence, this Court does not have jurisdiction over that claim because Petitioner is incarcerated in Florida. Notably, Petitioner raised the same claim in a § 2241 petition that is currently pending before the United States District Court for the Northern District of Florida. See Robinson v. Augustine, CV 511-99, doc. no. 1, pp. 4-5 (N.D. Fla. Apr. 4, 2011).

3

Cir. 2000) (*per curiam*) (citing 28 U.S.C. §§ 2255 & 2244(b)(3)).

Here, Petitioner has previously filed two § 2255 motions, the first of which was dismissed as untimely, which is considered an adjudication on the merits for the purposes of determining whether an application for habeas corpus relief is second or successive. Villanueva v. United States, 346 F.3d 55, 61 (2d Cir. 2003) ("[A] habeas or § 2255 petition that is properly dismissed as time-barred under AEDPA constitutes an adjudication on the merits for successive purposes."); United States v. Raines, Case No. 1:04-cr-28, 2011 U.S. Dist. LEXIS 47224, at *2 (N.D. Fla. Feb. 18, 2011) (same). In his current § 2255 motion, he does not state that he has either sought or been granted permission to file a successive § 2255 motion in this Court; absent authorization from the Eleventh Circuit, this Court lacks the jurisdiction to consider the issues raised in Petitioner's motion. See Hill v. Hopper, 112 F.3d 1088, 1089 (11th Cir. 1997) (*per curiam*) (determining that "the district court lacked jurisdiction to consider Appellant Hill's request for relief because Hill had not applied to this Court for permission to file a second habeas petition"); see also In re Dean, 341 F.3d 1247, 1248-49 (11th Cir. 2003) (*per curiam*) (denying permission to file successive § 2255 motion alleging sentencing error based on successful challenge to state convictions that were used to calculate federal sentence). Accordingly, Petitioner's current § 2255 motion should be dismissed.[2]

In addition, the Court notes that, aside from using the instant petition to file claims

---

[2]Notably, even if the instant § 2255 motion were not barred as an improper successive application for federal habeas relief, it would be untimely for the reasons set forth in the Court's Report and Recommendation finding his first § 2255 motion to be untimely. See CV 111-026, doc. no. 2.

4

that are virtually identical to claims from previously rejected § 2255 motions, Petitioner has provided dishonest information by stating, under penalty of perjury, that he has only filed one previous motion, petition, or application concerning his judgment of conviction in any court. (See doc. no. 1, pp. 2-3, 13.) This conduct will not be tolerated in the future. The instant Report and Recommendation shall serve as notice that any future filing in which Petitioner provides dishonest information or otherwise attempts to mislead the Court may result in sanctions or other appropriate disciplinary action. Moreover, the Court emphasizes that it is improper for Petitioner to continue to file the same claims in successive § 2255 motions; rather, as the Court has explained to Petitioner on multiple occasions, **he must request and receive authorization from the Eleventh Circuit Court of Appeals before this Court can entertain any claims in a successive § 2255 motion.**

### III. CONCLUSION

Based on an initial review of the instant § 2255 motion, as required by Rule 4 of the Rules Governing § 2255 Cases, the Court finds the motion to be successive. The Court therefore **REPORTS** and **RECOMMENDS** that the motion be **DISMISSED** and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this _____ day of October, 2011, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE