FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2012 MAY -9 AM 11:53

CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| TERRY L. ROBINSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 112-063 |
| ) | (Formerly CR 108-021) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, an inmate confined to federal custody at the Federal Correction Institution in Marianna, Florida, has filed with this Court a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. The matter is now before the Court for an initial review of Petitioner's motion as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that the § 2255 motion be **DISMISSED** and that this civil action be **CLOSED**.

I.  **BACKGROUND**

In 2008, Petitioner pled guilty to one count of failure to register as a sex offender, in violation of 18 U.S.C. § 2250(a), and a judgment of conviction was entered on January 16, 2009. United States v. Robinson, CR 108-021, doc. no. 54 (S.D. Ga. Jan. 16, 2009). The Honorable J. Randal Hall, United States District Judge, sentenced Petitioner to 27 months of imprisonment followed by three years of supervised release. Id. Petitioner did not file a

direct appeal.

On February 23, 2011, Petitioner filed his first § 2255 motion in this Court. See Robinson v. United States, CV 111-026, doc. no. 1 (S.D. Ga. Feb. 23, 2011) (hereinafter "CV 111-026"). The motion in CV 111-026, which raised claims similar to those asserted in the instant § 2255 motion – namely that his conviction is improper under the Double Jeopardy doctrine – was dismissed as untimely in an Order issued by Judge Hall that adopted a recommendation from this Court. See id., doc. nos. 2, 4.

Less than one month after his first § 2255 motion was dismissed, Petitioner filed another § 2255 motion in the Northern District of Florida that was transferred to this District; Petitioner raised nearly identical claims to those in his first § 2255 motion, again arguing that his conviction and sentence are improper under the Double Jeopardy doctrine. See Robinson v. United States, CV 111-098, doc. no. 1 (S.D. Ga. May 9, 2011). Judge Hall dismissed that motion as successive, again pursuant to a recommendation by this Court. See id., doc. nos. 9, 11. Approximately two months later, Petitioner then filed a third § 2255 motion, again raising similar claims that his conviction and sentence are improper under the Double Jeopardy doctrine and that his due process rights were violated. See Robinson v. United States, CV 111-168, doc. no. 1 (S.D. Ga. Oct. 6, 2011) (hereinafter "CV 111-168"). That motion was likewise dismissed as successive. See id., doc. nos. 2, 4.

In what is now Petitioner's fourth § 2255 motion, he raises four grounds for relief that are primarily a reformulation of his prior claims: in Ground One, Petitioner asserts, without providing any factual explanation, that he suffered a violation of the Interstate Agreement on Detainers Act, 18 U.S.C. app. §§ 1-9. (Doc. no. 1, p. 4.) In Grounds Two, Three, and

2

Four, Petitioner asserts that his conviction and sentence violate the Double Jeopardy Clause of the Fifth Amendment. (Id. at 5-8.)

## II. DISCUSSION

Once again, Petitioner has failed to first request and receive authorization from the Eleventh Circuit before filing his latest § 2255 motion. Consequently, as was the case with his last two § 2255 motions, Petitioner's claims are barred from review in this § 2255 proceeding by virtue of the successive motion restrictions enacted by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214, and now contained in 28 U.S.C. §§ 2255 and 2244(b). Section 2255 provides in relevant part:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Section 2244, in turn, provides that prior to filing a successive petition in the District Court, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). In sum, "[f]ederal prisoners seeking to file a second or successive motion to vacate, set aside, or correct a sentence must move the court of appeals for an order authorizing the district court to consider the second or successive motion." In re Joshua, 224 F.3d 1281, 1281 (11th Cir. 2000) (*per curiam*) (citing 28 U.S.C. §§ 2255 & 2244(b)(3)).

Here, Petitioner has previously filed three § 2255 motions, the first of which was

3

dismissed as untimely, which is considered an adjudication on the merits for the purposes of determining whether an application for habeas corpus relief is second or successive. Villanueva v. United States, 346 F.3d 55, 61 (2d Cir. 2003) ("[A] habeas or § 2255 petition that is properly dismissed as time-barred under AEDPA constitutes an adjudication on the merits for successive purposes."); United States v. Raines, Case No. 1:04-cr-28, 2011 U.S. Dist. LEXIS 47224, at *2 (N.D. Fla. Feb. 18, 2011) (same).

Moreover, despite clear warnings that Petitioner must *first* request and receive authorization from the Eleventh Circuit Court of Appeals *before* the Court can entertain *any* claims in a successive § 2255 motion, see, e.g., CV 111-168, doc. no. 2, p. 5, the current § 2255 motion again provides no indication that Petitioner has either sought or been granted permission to file a successive § 2255 motion in this Court. Absent authorization from the Eleventh Circuit, this Court lacks the jurisdiction to consider the issues raised in Petitioner's motion. See Hill v. Hopper, 112 F.3d 1088, 1089 (11th Cir. 1997) (*per curiam*) (determining that "the district court lacked jurisdiction to consider Appellant Hill's request for relief because Hill had not applied to this Court for permission to file a second habeas petition"); see also In re Dean, 341 F.3d 1247, 1248-49 (11th Cir. 2003) (*per curiam*) (denying permission to file successive § 2255 motion alleging sentencing error based on successful challenge to state convictions that were used to calculate federal sentence). Accordingly, Petitioner's current § 2255 motion should be dismissed.[1]

---

[1]Notably, even if the instant § 2255 motion were not barred as an improper successive application for federal habeas relief, it would be untimely for the reasons set forth in the Court's Report and Recommendation finding his first § 2255 motion to be untimely. See CV 111-026, doc. no. 2.

To reiterate, it is improper and does Petitioner absolutely no good to continue to file a string of similar claims with only slight changes in wording in successive § 2255 motions. Simply put, no matter how Petitioner phrases his claims or in which district court he files them, the Court CANNOT consider ANY claims in a successive § 2255 motion unless Petitioner **first requests and receives authorization from the Eleventh Circuit Court of Appeals to bring such a motion**.

### III. CONCLUSION

Based on an initial review of the instant § 2255 motion, as required by Rule 4 of the Rules Governing § 2255 Cases, the Court finds the motion to be successive. The Court therefore **REPORTS** and **RECOMMENDS** that the motion be **DISMISSED** and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 9th day of May, 2012, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE